Mr. Justice Sulzbacher did not sit at the hearing of this case.

---

Ex Parte Torres.

Application for a writ of habeas corpus.

No. 14.—Decided July 23, 1903.

Jury Trial—Right of—Time of Demand—A defendant charged with a felony must claim his right to be tried by a jury at the time of arraignment, otherwise it shall be deemed as having been waived.

STATEMENT OF THE CASE.

This application for a writ of *habeas corpus* was presented to the Chief Justice of the Supreme Court, and in it the petitioner sets forth the facts in the following manner. First—In the month of May of the present year, the Justice of the Peace of Isabela issued a warrant for the arrest of Paulino Torres Portalatín by virtue of proceedings instituted against him for the alleged seduction of Catalina Mercado. Second—On the 22nd of aforesaid month, Francisco Chaves Reverón and Felipe Alfaro appeared before the same justice and executed the necessary bail bond for the release of the prisoner. Third—On the 9th of June last Paulino Torres was arraigned in the District Court of Mayagüez, upon an information filed by the representative of the People of Porto Rico, charging him with seduction. The court thereupon ordered the detention of the accused until the approval of the bail bond executed before the Justice of the Peace of Isabela, which having been approved four days later by the court, the accused was again released temporarily. Fourth—When arraigned Paulino Torres was notified of his right to be tried by a jury. Fifth—Notwithstanding this notification of his rights, and although the

después, quedó nuevamente en libertad provisoria el acusado. Cuarto: Asimismo, en el acto del *"Arraigment"* fué por el Tribunal, Paulino Torres, advertido de su derecho á que en su oportunidad se le concediera un juicio por jurados. Quinto: A pesar de esta legal advertencia, de no haber el reo pedido que le juzgase el Tribunal de derecho, de no haberse incluido el proceso en la lista de causas para jurado, y de no haberse efectuado la primera lectura de ninguna lista como la indicada, la Corte dispuso la celebración del juicio, ante ella, como Tribunal de derecho, señalándose para ello el dia 10 del mes en curso. Sexto: El mismo dia y antes de empezar el juicio el Letrado suscribiente, en nombre y como defensor del reo, presentó en la Secretaría de la Corte, un escrito solicitando que se concediera á Paulino Torres un juicio por jurados, de conformidad con lo dispuesto en la enmienda VI de la Constitución de los Estados Unidos y en el artículo 178 del Código de Enjuiciamiento Criminal. Septimo: El Tribunal, antes de principiar el juicio, desestimó la instancia, resucitando la Sección 3ª de la antigua y derogada Ley estableciendo en Puerto Rico el Juicio por Jurado, donde se determina que la opción á juicio por jurado debe anunciarse con dos días de anticipación al señalado para la vista de la causa. Al denegar la instancia, el Tribunal acordó la celebración inmediata del juicio. Octavo: Después del juicio verificado, la Corte señaló el dia 14 último, para el pronunciamiento de la sentencia; y antes de procederse á su lectura, el abogado defensor, de acuerdo con el reo, alegó, como excepción que impedía el pronunciamiento del fallo, la incompetencia del Tribunal, pues la jurisdicción, para conocer del caso, correspondía únicamente á un Tribunal de jurados. Noveno: No obstante, la Corte dictó sentencia condenando al reo, por delito de seducción, á la pena de un año de presidio con trabajos forzados. Décimo: Ejecutoria en el mismo instante la sentencia, Paulino Torres, que se encontraba en libertad bajo fianza, fué reducido á prisión, por órden del Tribunal y conducido por la policía á la cár-

defendant had not asked for a trial by the court, nor had his case been placed on the jury docket, nor the first call thereof been made, the court ordered the trial of the case to be had on the 10th day of the present month before the court. Sixth—On said day, before the beginning of the trial, counsel for the defendant filed with the clerk of the court a petition requesting that Paulino Torres be allowed a trial by jury, as provided for by section VI of the Constitution of the United States and section 178 of the Code of Criminal Procedure. Seventh—The court before beginning the trial, denied the request, thereby reviving section 3, now repealed, of the old law providing for trial by jury in Porto Rico, wherein it is prescribed that the demand for a trial by jury should be announced two days before the time set for the trial. Upon denying the request the court ordered the trial to be immediately proceeded with. Eight—After the trial the court set the 14th of last month as the day upon which sentence would be passed, and before it was pronounced, counsel for the defendant, with the latter's consent, alleged that the court was without jurisdiction as an exception which precluded the rendering of judgment, inasmuch as the jury was the only tribunal having jurisdiction to take cognizance of the case. Ninth—Notwithstanding this, the court rendered judgment sentencing the accused to one year at hard labor in the penitentiary for the crime of seduction. Tenth— The judgment being then and there entered for enforcement, Paulino Torres who had been admitted to bail, was remanded to prison by order of the court and taken by the police to the Mayagüez jail, where he is confined under the custody of Marcelo del Rio, warden of said penal institution.

*Mr. de Diego,* for petitioner.

*Mr. del Toro, Fiscal,* for the People.

Mr. CHIEF JUSTICE QUIÑONES delivered the following opinion:

The writ ordering Paulino Torres to be brought before me having been duly executed, the hearing was had, the

cel de Mayagüez, donde se encuentra, bajo la custodia de Don Marcelo del Rio, Alcaide del Penal.

Abogado del peticionario: *Sr. de Diego.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

applicant and his counsel being present, as also the *Fiscal*, who opposed the petition for the discharge of the prisoner.

The petitioner, Paulino Torres has not been deprived of the right allowed him by the Code of Criminal Procedure in force in this Island, to demand a trial by jury, but as he did not avail himself of this right at the time the information was read, when he could have done so with full knowledge of the charge, his right thereto must, be deemed to have been waived, for which reason the district court had jurisdiction to try the case and render such judgment as it thought proper, in accordance with the provisions of section 178 of aforesaid Code of Criminal Procedure.

Inasmuch, then, as the District Court of Mayagüez had jurisdiction to take cognizance of the matter, said court has not exceeded its jurisdiction, nor does the case come within any of the provisions of section 483 of the Code of Criminal Procedure, cited in support of the appeal. It is hereby declared that the discharge of Paulino Torres, cannot be granted, and the prisoner is remanded to the Mayagüez jail under the custody of the warden thereof, with costs against the petitioner.